**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

Lyle W. Cayce
Clerk

No. 10-41195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON BARRAZA-GUZMAN, aka Gerardo De La Rosa-Mendosa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-82-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramon Barraza-Guzman was convicted in 2007 of being illegally present in the United States after having been deported following a conviction for a felony in violation of 8 U.S.C. § 1326(a) and (b)(1), and was sentenced to 16 months of imprisonment and three years of supervised release. His term of supervised release began on October 23, 2008.

On August 4, 2010, the probation office filed a petition to revoke his term of supervised release. The petition alleged that Barraza-Guzman violated three

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41195

conditions of his supervised release. At the revocation hearing, Barraza-Guzman pleaded true to violating the terms of his supervised release "by returning to the United States illegally." The district court revoked Barraza-Guzman's term of supervised release and sentenced him to 12 months of imprisonment, to run consecutively to the 16-month term of imprisonment that was imposed following his illegal reentry conviction.

Barraza-Guzman appeals the district court's judgment revoking his supervised release. However, the sole issue raised on appeal is whether we should remand the matter to allow the district court to correct the written judgment — which reflects that Barraza-Guzman pleaded true to all three allegations in the petition to revoke — because it is does not correctly reflect the conduct admitted to by Barraza-Guzman at the revocation hearing.

Rule 36 of the Federal Rules of Criminal Procedure states that after giving proper notice, the court may correct a clerical error at any time. Accordingly, the judgment is REMANDED for the sole purpose of correcting the error in the judgment. *See* FED. R. CRIM. P. 36.

As Barraza-Guzman does not otherwise challenge the revocation of his supervised release, the district court's judgment is otherwise AFFIRMED.

2